**GTPC**  **GARY TSIRELMAN P.C.**

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

| Gary TSIRELMAN M.D. | Stefan BELINFANTI | Douglas MACE |
| Darya KLEIN | Ilya MURAFA | Jennifer RAHEB |
| Selina CHIN | Nicholas BOWERS | Evan POLANSKY |
| David GOTTLIEB | | |

9/7/2018

BY ECF
Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *State Farm Mutual Automobile Insurance Company, et al., v.21st Century Pharmacy, Inc., et al., Index No. 17-cv-05845*; **Response to Motion to Compel; Motion to Quash**

Dear Judge Scanlon:

     We write on behalf of third parties Anturio Marketing, Inc. ("Anturio"), NY Collections Services, Inc., and P&K Marketing Services, Inc., ("GTPC Parties") in response to Plaintiffs' motion to compel responses to subpoenas and to quash those subpoenas insofar as their demands are overbroad and not proportional to the needs of the case.

     **I. Background**
     In this action, Plaintiffs have sued Defendants on the theory that Defendants participated in a scheme to defraud Plaintiffs by billing for medically unnecessary compounded pain creams that are not tailored to the particular needs of any patient in violation of Federal Drug Administration rules and regulations, under New York's No-Fault automobile insurance laws and regulations. Compl. ¶¶1-8. The GTPC Parties are non-parties to this suit that have responded to Plaintiffs' subpoenas. Plaintiffs are now unhappy with the responses and seek to compel productions In many instances, GTPC Parties have searched their records and have not yet found any documents, other than those already produced, in their possession, custody, or control responsive to Plaintiffs' demands. In all instances, the GTPC parties stand by their objections. It is clear from the face of Plaintiffs' demands that the document request amount to burdensome and invasive fishing expeditions into non-parties' financial and business records. Indeed, Plaintiffs' Complaint only mentions one of the GTPC Parties, Anturio, regarding alleged

testimony Defendant Alishayev gave about the services Anturio provided. Plaintiffs make no allegations about the other GTPC Parties. Nevertheless, Plaintiffs demand the entirety of GTPC Parties' business records as if Plaintiffs had named them as Defendants.

Indeed, the GTPC Parties are remote from any of Plaintiffs' allegations in the Complaint. Plaintiffs base the Complaint squarely and solely upon allegations that Defendants prescribed and provided compounded medications that were neither medically necessary nor in compliance with FDA rules and regulations. The GTPC Parties have no role in such activity. Plaintiffs base their demands for searching discovery of the GTPC Parties based solely on allegations that the GTPC Parties have provided services to Defendants and that their owners have worked with Defendants. At no time do Plaintiffs link the GTPC Parties with the fundamental alleged scheme to prescribe expensive and medically unnecessary compounded pain cream.

In order to efficiently resolve this matter, however, the GTPC Parties are willing to supplement their responses to Plaintiffs' subpoenas to assure Plaintiffs that searches for responsive and relevant documents have been conducted, although the GTPC Parties will not identify every individual electronic device searched. The GTPC Parties are also willing to indicate if any other persons may have documents responsive to Plaintiffs' demands, although any such persons are likely already named Defendants to this action or have received third party subpoenas, such as any financial accounts in Defendants' names. The GTPC Parties request that they be given until the end of October to provide any such supplementation due to the upcoming Jewish holidays.

The GTPC Parties will not produce tax returns or any other financial documents pursuant to Plaintiffs' post-subpoena demands, nor will GTPC Parties produce exhaustive business, financial, and tax records, to the extent any additional documents responsive to Plaintiffs' demands exist within the possession, custody, or control of the GTPC Parties, as Plaintiffs' demands are overbroad, seek irrelevant documents, and are not proportional to the needs of the case. Insofar as the subpoenas are defective, GTPC Parties move to quash them.

## II. Legal Standard and Analysis

The scope of discovery in this matter is governed by Federal Rule 26(b)(1), which was amended on December 1, 2015, to recognize that "information is discoverable . . . if it is relevant to any party's claim or defense <u>and</u> is proportional to the needs of the case." Fed. R. Civ. P. 26; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 U.S. Dist. LEXIS 170734, at *6 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,'

also 'proportional to the needs of the case.'")(internal citations omitted)(emphasis added). The amendment also eliminated the "provision authorizing the court . . . to order discovery of any matter relevant to the subject matter involved in the action." see *Sibley*, 2015 U.S. Dist. LEXIS 170734, 2015 WL 9413101, at *2 (internal citation omitted). Although it does not create a new standard, this amendment "serves to exhort judges to exercise their preexisting control over discovery more exactingly." *Robertson v. People Magazine*, 2015 U.S. Dist. LEXIS 168525, at *5 (S.D.N.Y. Dec. 16, 2015). Indeed, absent from the amended rule is "the all too familiar, but never correct, iteration of permissible discovery as including all matter that is 'reasonably calculated to lead to' the discovery of admissible evidence." *Sibley*, 2015 U.S. Dist. LEXIS 170734, at *7. The scope of discovery in the case is therefore bounded both by relevance and whether the discovery is proportional to the needs of the case.[1]

Plaintiffs bear the burden of making "a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing *Wells Fargo Bank, N.A. v. Konover*, No. 05 Civ. 1924, 2009 WL 585430, at *5 (D. Conn. Mar. 4, 2009)). As set forth below, Plaintiffs have failed to make any showing that their demands of the GTPC Parties to produce every scrap of financial and business records are anything but a fishing expedition.

Furthermore, Courts in the Second Circuit have set forth a heightened standard parties must meet to compel production of tax returns because "[a]lthough tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Carmody v. Vill. of Rockville Ctr.*, No. CV-05-4907 (SJF)(ETB), 2007 U.S. Dist. LEXIS 50933, at *5 (E.D.N.Y. July 13, 2007). The standard Plaintiffs must "meet a two-part showing that: '(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not otherwise readily obtainable." *Demirovic v. Ortega*, 254 F. Supp. 3d 386, 389 (E.D.N.Y. 2017) (citing *Carmody*, 2007 U.S. Dist. LEXIS 50933 at *5). Plaintiffs have failed to meet this standard.

Plaintiffs' proffered reasons for seeking discovery from the GTPC Parties are that they did business with Defendants and that, by doing business with Defendants, they may be the vehicles for "kickbacks" paid from Defendant 21st Century Pharmacy, Inc., to the Prescribing Defendants. The Complaint contains no

---

[1] The proportionality factors courts are to use when determining the scope of discovery are, according to Federal Rule 26(b): "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

mention of kickbacks or the use of third parties to funnel money from 21st Century Pharmacy, Inc., to any other Defendant. Plaintiffs also do not allege that GTPC Parties had any hand whatsoever in the scheme as set forth in the Complaint. Plaintiffs' burdensome and broad discovery demands for all of the financial and business records of the GTPC Parties fail to satisfy the proportionality requirements of Federal Rule 26 because the discovery at stake is utterly unrelated, irrelevant and unimportant to whether the bills submitted by Defendants were for medically necessary compounded pain creams created in compliance with FDA rules and regulations. To the extent Plaintiffs have demanded the GTPC Parties' communications, business, tax, and financial records, Plaintiffs' subpoenas must be quashed.[2]

Even were Plaintiffs' demands for other documents justified, Plaintiffs have not established a "compelling need" for the tax returns from GTPC Parties "because the information is not otherwise readily obtainable." *Demirovic*, 254 F. Supp. 3d at 389. Plaintiffs have not articulated any reason documents obtainable from Defendants or any other person or entity in discovery do not demonstrate inter-connectedness between the Defendants or any element of Plaintiffs' claims. Plaintiffs' subpoenas ought to therefore be quashed insofar as they demand tax returns from the GTPC Parties.

Plaintiffs' subpoenas amount to an unwarranted fishing expedition into subjects irrelevant to the allegations in the Complaint and therefore must be quashed.

Thank you for your consideration of this letter.

Cc: All Counsel via ECF

Respectfully,
/s/ _____
Nicholas Bowers, Esq.
*Counsel for Parties Named Herein*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201