UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE              Docket No.: 17-CV-05845
INSURANCE COMPANY,

                                   Plaintiff,           **AFFIDAVIT IN OPPOSITION**
                                               **TO  ORDER TO SHOW**
                -against-                        **CAUSE**

21ST CENTURY PHARMACY, INC., ALBERT
ALISHAYEV, TIMOTHY MORLEY, D.O., AZU A.
AJUDUA, M.D. VINCENTIU POPA, M.D. AND JO-ANN
SHAKARJIAN, M.D.,

                                   Defendants.
------------------------------------------------------------------X
STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NASSAU   )

      **JENNIFER B. STRONG,** an attorney duly admitted to practice law before the Courts of the State of New York, being duly sworn, deposes and says:

      1. I am an attorney associated with The Russell Friedman Law Group, attorneys for non-party DGRD Marketing Inc. (hereinafter **"DGRD"**) in the above-captioned matter, and as such, I am fully familiar with the facts and circumstances of this matter.

      2. This Affidavit is being made upon information and belief, the source being the file maintained by this office, communications with Daniel Dmitrovic, owner of DGRD, and study of the applicable law.

      3. I submit this affidavit in opposition to Plaintiff's Order to Show Cause as to why DGRD should not be held in contempt for failing to respond to the Plaintiff's subpoena for records in this action.

## BACKGROUND

4. State Farm Mutual Automobile Insurance Company (hereinafter **"State Farm"**) commenced the above-captioned action by filing a Summons and Complaint on or around October 5, 2017.

5. In June 2018, Daniel Dmitrovic, sole proprietor of DGRD, had a family emergency and traveled to Serbia. Mr. Dmitrovic returned home to the United States on September 25, 2018. *See* **Exhibit "1"**, Dmitrovic Aff. at ¶ 2. During this time, any mail delivered to DGRD was delivered to an unattended mail slot.

6. State Farm caused the United States District Court for the Eastern District of New York to issue a subpoena to DGRD dated July 6, 2018. According to Plaintiff's assertions, such subpoena was served upon DGRD Marketing, Inc. via the New York Department of State on July 12, 2018.

7. On September 10, 2018, State Farm filed a motion to compel non-parties, including DGRD, to produce documents responsive to State Farm's subpoenas. *DE 84*. At a conference before this Court on September 14, 2018, Your Honor ordered non-parties named in the motion to compel at DE 84, 85 "to show cause as to why they should not be held in contempt for failing to respond to the Plaintiff's subpoena for records in this action".

8. Mr. Dmitrovic returned to New York on September 25, 2018 and found various pieces of correspondence from State Farm with his mail. *See* Exhibit "1", Dmitrovic Aff. at ¶ 3. Mr. Dmitrovic retained The Russell Friedman Law Group to respond to the subpoena to DGRD the following morning, September 26, 2018. *Id.* The undersigned served a response to the subpoena

on Plaintiffs via First Class Mail on September 28, 2018. DGRD's response is annexed hereto as **Exhibit "2"**[1].

## DGRD Marketing Inc.'s Subpoena Response

9. DGRD Marketing Inc. fully responded to and/or objected each of State Farm's 21 requests.

10. DGRD Marking Inc. produced all documents identified as responsive to State Farm's Request No. 1 for "[a]ll Documents reflecting any service, marketing, or advertising performed by You for or on behalf of 21st Century."

11. DGRD noted objections to Request Nos. 2 and 3, seeking "[a]ll Documents relating to the solicitation or referral of any Patient by You for or on behalf of 21st Century" and "[a]ll Documents and Communications reflecting or relating to marketing, promotion, advertising of or solicitation or referrals for Compounded Products," however, further responded that it has no responsive documents (or has not identified same) and that no documents are being withheld pursuant to any objection.

12. With regard to Request Nos. 4, 7, 10, and 13, seeking communications between DGRD and various parties or entities, DGRD noted objections and further responded that it has not identified any responsive documents and that no documents are being withheld pursuant to any objection.

13. With regard to Request Nos. 5, 8, 11, and 14, seeking documents relating to any payment, benefit, or item of value that DGRD provided to or received from various individuals and entities, notwithstanding objections, DGRD has produced bank records related to payments

---

[1] The exhibits served with DGRD's subpoena response are not attached hereto as they contain confidential financial and personal information.

received from 21st Century Pharmacy. DGRD has no additional responsive documents and is not withholding documents pursuant to any objection.

14. With regard to requests 6, 9, 12, and 15, seeking all documents reflecting any contractual relationship, financial arrangement, or other business relationship between or among DGRD and various individuals or entities, notwithstanding objections, DGRD has produced documents related to employment with 21st Century. DGRD has no additional responsive documents and is not withholding documents pursuant to any objection.

15. DGRD noted objections to request 16, seeking documents reflecting or relating to any prescription for any compounded product. Notwithstanding DGRD's objections, it further responded that it has no responsive documents and that no documents are being withheld pursuant to any objection.

16. DGRD objected to Request No. 17, seeking documents sufficient to identify all businesses and/or individuals to which it has provided marketing, consulting, advertising, solicitation, referral, and/or management services. Notwithstanding its objections, DGRD produced documents related to services provided to 21st Century. DGRD has no additional responsive documents and is not withholding documents pursuant to any objection.

17. DGRD objected to Request No. 18, seeking documents relating to the ownership of and corporate formalities followed by DGRD. Notwithstanding its objections, DGRD produced documents to its incorporation. DGRD has no additional responsive documents and is not withholding documents pursuant to any objection.

18. DGRD objected to Request No. 19, seeking all employment records for any employee, independent contractor, or anyone working for DGRD. Notwithstanding its objections, DGRD

responded that it has no responsive documents and is not withholding documents pursuant to any objection.

19. With regard to Request Nos. 20-22 broadly seeking financial information and tax returns, DGRD has objected. Notwithstanding its objections, DGRD has produced all identified financial documents related to its relationship with 21st Century Pharmacy. DGRD is not producing any additional responsive documents pursuant to its objections, the bases for which are further set forth in the memorandum of law attached hereto.

20. With regard to Request Nos. 23 and 24, seeking lease and/or rental agreements and payments, DGRD has objected. DGRD is not producing responsive documents pursuant to its objections, the bases for which are further set forth in the memorandum of law attached hereto. Notwithstanding its objections, DGRD would be amenable to producing any lease and/or rental agreements, and payments related to same, related to lease/rental agreements between it and 21st Century. However, no such agreements exist.

WHEREFORE, it is respectfully requested that the Court finds non-party DGRD has adequately responded to State Farm's subpoena and does not hold DGRD in contempt.

_____
JENNIFER B. STRONG

Sworn to before me this
9th day of October, 2018.

_____
NOTARY PUBLIC

DIANE E. MURPHY
Notary Public, State of New York
No. 01MU6226702
Qualified in Nassau County
Commission Expires August 16, 20 22