UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STATE FARM MUTUAL
INSURANCE COMPANY,               Docket No.:   17-CV-05845

                Plaintiff,

   -against-

21ST CENTURY PHARMACY, INC., ALBERT
ALISHAYEV, TIMOTHY MORLEY, D.O.,
AZU A. AJUDUA, M.D., VINCENTIU POPA, M.D.
and JO-ANN SHAKARJIAN, M.D.

                Defendants.
------------------------------------------------------------------X

## DGRD MARKETING INC'S MEMORANDUM OF LAW IN OPPOSITION TO ORDER TO SHOW CAUSE

THE RUSSELL FRIEDMAN LAW GROUP, LLP
3000 Marcus Avenue, Suite 2E03
Lake Success, New York 11042
Ph.: 516.355.9696
Fax: 516.355.9697

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

INTRODUCTION ...............................................................................................................1

I.    THE COURT SHOULD NOT HOLD DGRD MARKETING INC IN CONTEMPT...........1

    A.  DGRD Served Responses to State Farm's Subpoena as Soon as It
        Became Aware of Same..................................................................................1

    B.  DGRD Fully Responded to State Farm's Subpoena by Producing
        Responsive Documents or by Providing Specific Objections ..........................1

    C.  DGRD's Subpoena Response Is in Accordance with the Scope of
        Discovery Permitted by the Federal Rules of Civil Procedure ........................3

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Carmody v. Vill. of Rockville Ctr.*,
   No. CV-05-4907 (SJF)(ETB), 2007 U.S. Dist. LEXIS 50933, at *5
   (E.D.N.Y. July 13, 2007) ................................................................................................ 6
*Demirovic v. Ortega*,
   254 F. Supp. 3d 386, 389 (E.D.N.Y. 2017) ................................................................... 7
*Eastman Kodak Co. v. Camarata*,
   238 F.R.D. 372, 375 (W.D.N.Y. 2006) .......................................................................... 6
*Flexborrow LLC v. TD Auto Fin. LLC*,
   255 F. Supp. 3d 406, 420 (E.D.N.Y. 2017) ................................................................ 5, 6
*Golden Pac. Bancorp v. FDIC*,
   273 F.3d 509, 519 (2d Cir. 2001) ................................................................................... 3
*Guan Min Lin v. Benihana Nat. Corp*,
   2010 WL 4007282 at *2 (S.D.N.Y. Oct. 5, 2010) ...................................................... 3, 4
*Lerner v. Fleet Bank, N.A.*,
   459 F.3d 273, 290 (2d Cir. 2006) ................................................................................... 4
*Peskoff v. Faber*,
   230 F.R.D 25, 28 (D.D.C. 2005) ................................................................................ 4, 5
*Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*,
   No. CV126383, 2016 WL 4703656, at *15 (E.D.N.Y. Sept. 7, 2016) .......................... 6
*Sky Medical Supply Inc. v. SCS Support Claim Services, Inc.*,
   No. 12-cv-6382, 2016 WL 4703656 at *13 (E.D.N.Y. Sept. 7, 2016) .......................... 5

**Statutes**

18 U.S.C. § 1962 ................................................................................................................ 6
FRCP 9(b) ........................................................................................................................... 4
FRCP 26(b) ..................................................................................................................... 3, 5
FRCP 26(c)(1) .................................................................................................................... 3

# INTRODUCTION

DGRD Marketing Inc (hereinafter "DGRD") submits this memorandum of law in opposition to Plaintiff's motion to compel (*DE 84, 85*), and this Court's September 14, 2018 Order to show cause why DGRD should not be held in contempt for failing to respond to the Plaintiff's supboena for records in this action. DGRD served its response to Plaintiff's subpoena on September 28, 2018. DGRD submits this Opposition and respectfully beseeches this Court to not hold it in contempt for not timely responding to Plaintiff's subpoena.

## I. THE COURT SHOULD NOT HOLD DGRD MARKETING INC IN CONTEMPT

### A. DGRD Served Responses to State Farm's Subpoena as Soon as It Became Aware of Same

DGRD is solely owned by Daniel Dmitrovic. *See* Exhibit 1, Strong Aff. at ¶ 5. In June 2018, Mr. Dmitrovic traveled to Serbia. *Id.* He did not return to the United States until September 25, 2018. *Id.* During this time, Mr. Dmitrovic did not have access to any mail delivered to him. *Id.* Upon his return to the Unites States. Mr. Dmitrovic discovered the State Farm subpoena, and immediately retained counsel to respond to same. Mr. Dmitrovic did not purposely ignore State Farm's subpoena and engaged counsel to respond as soon as he became aware of same.

### B. DGRD Fully Responded to State Farm's Subpoena by Producing Responsive Documents or by Providing Specific Objections

DGRD fully responded to Plaintiff's subpoena request numbers 1 to 19 by providing all identified documents. The responses to request numbers 20-24 included, *inter alia*, objections regarding vagueness, ambiguity, and overbreadth to the specific requests. DGRD set forth its position that, as these requests seek documents from a non-party that are not relevant to any

party's claim or defense in this case, they are not proportional to the needs of case. Specifically, Plaintiff's subpoena includes the following requests:

- Request No. 20, which seeks "[a]ll Documents reflecting or relating to Your financial condition from January 1, 2014 through the present, including any general ledgers, balance sheets, income statements, checks, cancelled checks, and/or account statements. If Your accounting Documents are kept in electronic form such as QuickBooks, produce those ledgers and/or Documents in electronic form."

- Request No. 21, which seeks "[a]ll Your banking records, including any account statements, cancelled checks, deposit slips, withdrawal slips, records of wire transfers, loans and/or loan applications, and/or Documents related to the opening and/or closing of any account."

- Request No. 22, which seeks "[y]our federal tax returns and all related schedules filed with the U.S. Internal Revenue Service from 2012 through the present, including but not limited to all W-2s, Form 1099s, and K-1s."

- Request No. 23, which seeks "[a]ll lease and/or rental agreements entered into by You or on Your behalf."

- Request No. 24, which seeks "[a]ll lease and/or rental payments made by You."

Notwithstanding its objections, DGRD produced all bank records that DGRD identified as reflecting transactions related to 21st Century Pharmacy in response to Request No. 21. With regard to lease and/or rental agreements and payments, DGRD has no lease or rental agreements with 21st Century, and has not maintained office space specifically and/or exclusively related to services provided to 21st Century Pharmacy. DGRD therefore maintains its objections to Request Nos. 20-24, as they intrusively seek production of documents of a financial nature that are not exclusively related to services it provided to 21st Century.

### C. DGRD's Subpoena Response Is in Accordance with the Scope of Discovery Permitted by the Federal Rules of Civil Procedure

Pursuant to Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." However, pursuant to Federal Rule of Civil Procedure 26(c)(1), a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Courts in the Second Circuit have held that a party's right to obtain any discovery that is relevant to their case under Rule 26 "is not unlimited". *Guan Min Lin v. Benihana Nat. Corp*, 2010 WL 4007282 at *2 (S.D.N.Y. Oct. 5, 2010).

In *Guan Min Lin*, the court noted that "the actual claims and defenses involved in the action" control with regard to the scope of permitted discovery. *Guan Min Lin*, 2010 WL 4007282 at *3. The court held that the "suggest[ion] that they might amend their complaint...depending on the result of their inquiry" did not make the requested inquiry an appropriate topic for discovery. *Id.*

*Guan Min Lin*'s holding is especially relevant here, where Plaintiff's Complaint lists numerous causes of action for common law fraud[1], unjust enrichment[2], and aiding and abetting

---

[1] Under New York law, "[t]o state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." *Id.* (citing *Kaufman v. Cohen*, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157, 165 (1st Dep't 2003)).

[2] To state a cause of action for unjust enrichment, a plaintiff must allege "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good

fraud[3]. Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state <u>with particularity</u> the circumstances constituting fraud or mistake" (emphasis added). The Second Circuit has held "that in order to comply with Rule 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993)). The Complaint in this action – which is controlling with regard to the scope of discovery under Second Circuit law – makes no such allegations with regard to DGRD, and specifically none that satisfy the heightened pleading requirement of Rule 9(b). Allowing Plaintiff to obtain unfettered discovery from non-parties as a means to develop theories about parties and causes of action that are not alleged in the Complaint flies in the face of Rule 9(b)'s particularity standard. Plaintiff should not be permitted to obtain discovery into the most private and intrusive parts of non-parties' lives based on the speculative possibility that it <u>may</u> reveal evidence that <u>may</u> allow Plaintiff to amend its Complaint. *Guan Min Lin*, 2010 WL 4007282 at *3.

On similar facts, the District of D.C. held that "to order the production of the defendant's personal bank records, the Court would have to find a connection between the defendant's accounts and specific allegations in the plaintiff's complaint." *Peskoff v. Faber*, 230 F.R.D 25, 28 (D.D.C. 2005)(granting a protective order with respect to defendant's personal bank records where the court failed to find a connection between the accounts and the specific allegations in

---

conscience the defendant should return the money or property to the plaintiff." *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 519 (2d Cir. 2001).
[3] To establish liability for aiding and abetting fraud, the plaintiffs must show "(1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." Id. (citing *JP Morgan Chase Bank v. Winnick*, 406 F.Supp.2d 247, 252 (S.D.N.Y.2005) (internal quotation marks and citations omitted)).

the complaint). As in *Peskoff*, the Complaint in the instant action makes no reference to DGRD. Federal Rule of Civil Procedure 26(b) also requires that discovery is "proportional to the needs of the case". Therefore, even if the Court deems DGRD's financial records relevant to the allegations in Plaintiff's Complaint, the discovery must also be proportional to the needs of the case. *Sky Medical Supply Inc. v. SCS Support Claim Services, Inc.*, No. 12-cv-6382, 2016 WL 4703656 at *13 (E.D.N.Y. Sept. 7, 2016)(finding request as written overly broad and unduly burdensome in scope and narrowly tailoring the request to not contravene the requirement that discovery be proportional to the needs of the case). Plaintiff's request seeks financial documents dating back to 2012 (tax records), 2014 (records related to "financial condition"), and does not restrict the time period for which it seeks bank records and financial information related to rental/lease agreements. Yet, DGRD's provision of services to 21st Century occurred in 2017-2018. Considering the issues at stake, pursuant to Rule 26, the burden on DGRD far outweighs any likely benefit of disclosure.

      First, Plaintiff has not alleged and has no evidence that the discovery it seeks will provide evidence of any scheme. *Flexborrow LLC v. TD Auto Fin. LLC*, 255 F. Supp. 3d 406, 420 (E.D.N.Y. 2017)(holding "in 'the absence of any prima facie showing' of a cognizable pattern of racketeering activity, the Court will not 'subject defendant[ ] to the burden and expense of discovery (which likely would result in a fishing expedition)'" citing *Norvel Ltd. v. Ulstein Propeller AS*, 161 F.Supp.2d 190, 208 (S.D.N.Y. 2001). Second, arming the Plaintiff, a nation-wide insurance carrier, with DGRD's most personal information, including who it employs, what it pays its employees, and who its other clients may be, puts a significant burden on DGRD's privacy that far outweighs any likely benefit.

When addressing adequately pleaded complaints, the Second Circuit in limited circumstances has allowed discovery of bank records specifically with regard to determining how an enterprise operates and the roles of the parties involved in the context of RICO actions. *Id.* See also *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV126383, 2016 WL 4703656, at *15 (E.D.N.Y. Sept. 7, 2016)("the Court likewise finds that the bank account information is relevant in so far as it may provide evidence 'of how the enterprise operates, and of the role [the Nationwide Defendants] play[ed] in the enterprise.'")(citation omitted); *Eastman Kodak Co. v. Camarata*, 238 F.R.D. 372, 375 (W.D.N.Y. 2006)(permitting discovery of bank account information where "plaintiffs have asserted broad civil RICO claims against the [ ] defendants"). The instant action, however, is not a RICO case. No cause of action was brought pursuant to 18 U.S.C. § 1962 and there is no mention of any enterprise in the Complaint.

Further, Courts in the Second Circuit have recognized the importance of safe-guarding private financial information, specifically with regard to tax returns. As previously set forth in DGRD's objections to Plaintiff's subpoena, Courts in the Second Circuit have established a heightened standard that parties must meet to compel production of tax returns because "[a]lthough tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Carmody v. Vill. of Rockville Ctr.*, No. CV-05-4907 (SJF)(ETB), 2007 U.S. Dist. LEXIS 50933, at *5 (E.D.N.Y. July 13, 2007). To satisfy the standard, Plaintiffs must make "a two-part showing that: '(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not otherwise readily

obtainable." *Demirovic v. Ortega*, 254 F. Supp. 3d 386, 389 (E.D.N.Y. 2017) (citing to *Carmody*, 2007 U.S. Dist. LEXIS 50933 at *5).

Plaintiff has not satisfied either prong. First, the returns are not relevant to the subject matter of the action, as set forth above. DGRD is not a party to this action, and is not explicitly referenced in the Complaint. The Complaint does not contain RICO allegations involving an enterprise or kickback scheme. The tax returns, therefore, have no relevance to the allegations in this action. Second, the information sought in the tax returns is readily obtainable from other sources. DGRD has provided all identified bank records related to 21st Century Pharmacy. There is no further information related to the allegations in this action that could be obtained from the tax records that Plaintiff does not already possess.

## CONCLUSION

Based on the foregoing, DGRD requests that this Court find it fully responded to Plaintiff's subpoena pursuant to the above-cited cases, and holds that no further production of documents is necessary. Further, DGRD requests that this Court not hold DGRD in contempt for failing to timely reply to State Farm's subpoena for reasons set forth in the Affidavits of Jennifer B. Strong and Daniel Dmitrovic.

Dated: Lake Success, New York
October 9, 2018

                                        THE RUSSELL FRIEDMAN LAW GROUP, LLP

                              By:      /S/Jennifer B. Strong
                                          Jennifer B. Strong
                                          3000 Marcus Avenue, Suite 2E03
                                          Lake Succcess, New York 11042
                                          Tel: 516.355.9696