**Katten**
Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
www.kattenlaw.com

JONATHAN L. MARKS
jonathan.marks@kattenlaw.com
312.902.5337 direct
312.577.4518 fax

April 1, 2019

**VIA ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *State Farm Mut. Auto. Ins. Co. v. 21st Century Pharmacy, Inc., et al.*,
1:17-cv-5845-MKB-VMS – Pre-Motion Conference re Motion to Amend Complaint

Dear Judge Brodie:

Pursuant to the Court's Individual Rule 3.A, plaintiff State Farm Mutual Automobile Insurance Company ("SFMA") respectfully requests a pre-motion conference at which it will seek leave to file a first amended complaint (the "FAC"), a copy of which is attached hereto as Exhibit A.[1] Since filing the original complaint in this action, SFMA has learned through discovery that the scheme at issue is more complex and involves more parties than originally known. SFMA seeks leave to amend its complaint to allege new facts about the scheme's operation, add new parties, and add new counts under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The proposed amendment should not increase the amount of time required for fact discovery, and SFMA is not seeking any change in the deadline for fact discovery or resolution of the case. The Court has set April 1, 2019 as the deadline for filing any amendment to the pleadings, and thus this request is within the deadline set by the Court. *See* Text Order, 17-cv-5845 (E.D.N.Y. Feb. 25, 2019). Given that the anticipated motion is timely, no depositions have been taken to date, and more than five months remain in fact discovery, amendment is appropriate and should be freely granted.

***Relevant Background and the Proposed FAC.*** The original complaint alleges that 21st Century Pharmacy, Inc. ("21st Century"), Albert Alishayev, and doctors who prescribed 21st Century's topical compounded medications ("Prescribing Doctors") submitted fraudulent bills, prescriptions, and letters of medical necessity to SFMA to collect No-Fault benefits.[2] Dkt. 1 ¶¶ 1–2, 6–8. It alleges that those documents were fraudulent because 21st Century represented to SFMA that the compounded products were (a) medically necessary and (b) reimbursable, when they were not. *Id.* ¶¶ 5–8. It also alleges that "Alishayev employs consultants who market 21st Century's services to healthcare providers and are used to ensure 21st Century fills patient prescriptions." *Id.* ¶ 68. Because SFMA did not at the time of filing have documented evidence of unlawful financial arrangements between 21st Century, Alishayev, and Prescribing Doctors, SFMA alleged that, "if 21st Century has financial arrangements with the Prescribing Doctors . . .

---

[1] Because the FAC references information Defendants have designated "Confidential" pursuant to the so-ordered Protective Order (Dkt. 38, 62), SFMA is simultaneously filing a motion for leave to file the FAC under seal.

[2] The term "Defendants" refers to 21st Century, Alishayev, and four Prescribing Doctors named as defendants in the complaint: Timothy Morley, D.O., Azu A. Ajudua, M.D., Vincentiu Popa, M.D., and Jo-Ann Shakarjian, M.D.

and those arrangements violate [New York law], 21st Century would be ineligible to collect No-Fault Benefits." *Id.* ¶ 31; *see id.* ¶ 77.

SFMA has obtained evidence through discovery showing that Alishayev orchestrated the fraud with several other individuals, including his wife Iris Itskhakov ("Itskhakov"), Peter Khaim ("Khaim"), and Tariel Begiyev ("Begiyev," and together with Alishayev, Itskhakov, and Khaim, the "Management Group"). The Management Group operated 21st Century and used shell companies to carry out and profit from the scheme by facilitating prescriptions and bills for medically unnecessary compounded products and financial arrangements, which include the payment of kickbacks, with (a) individuals in charge of locations at which patients are treated; (b) Prescribing Doctors; and (c) marketers who in turn have arrangements with individuals in charge of locations at which patients are treated and/or with Prescribing Doctors. *See* Ex. A ¶¶ 7–10.

SFMA seeks to add as defendants Itskhakov, Khaim, Begiyev, and eleven corporate entities they and Alishayev formed and used to carry out the scheme, funnel proceeds from the scheme to the Management Group, and hide the Management Group's role in the scheme.[3] SFMA also seeks to add State Farm Fire and Casualty Company ("SFF") as a plaintiff because it incurred $500,589 in damages as a result of the scheme. Beyond adding new parties and factual allegations explaining their involvement in the scheme, the proposed FAC: (1) adds causes of action for civil RICO violations under 18 U.S.C. § 1962(c) and (d); (2) adds newly identified fraudulent bills submitted on behalf of patients not identified in the complaint; and (3) increases the alleged damages from "more than $1.6 million" to "more than $1.73 million" to include updated amounts paid to the Defendants for fraudulent claims submitted to SFMA or SFF. *See* Ex. A ¶¶ 11–12, 297–306.

*Analysis*. Leave to amend a complaint should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a). Absent a showing of undue delay, bad faith, undue prejudice, or futility of amendment, "the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citations omitted). "The party opposing amendment bears the burden of demonstrating that leave to amend would be prejudicial or futile." *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 164 (E.D.N.Y. 2010).

Here, SFMA has been diligent in prosecuting this case and has not unduly delayed or displayed bad faith in seeking to file the FAC. To the contrary, SFMA's anticipated motion is presently within the time set by the Court. *See* Text Order, 17-cv-5845 (E.D.N.Y. Feb. 25, 2019) (granting "extension of deadline by which the Parties may seek to amend their pleadings, from 3/1/2019 to 4/1/2019"). The amount of time taken to prepare the FAC is likewise reasonable. SFMA was unaware of the conduct described in the FAC at the time it commenced this action. Through discovery it first came to understand the full scope of the conduct and who was involved, and actively sought to develop this newly discovered information. Indeed, SFMA filed numerous motions to compel party and non-party discovery to obtain such evidence dating back

---

[3] The eleven corporate entities are (1) Express Billing & Collection Inc ("Express Billing"); (2) Anturio Marketing, Inc. ("Anturio Marketing"); (3) Logic Consulting, Inc.; (4) New Business Resources Group Inc; (5) K&L Consultants Inc; (6) P&K Marketing Services Inc; (7) A&P Holding Group Corp; (8) New Business Funding Inc; (9) TBM Solution Inc; (10) TAR Group Inc; and (11) Personal Tech Inc. Itskhakov, Khaim, Begiyev, and these eleven corporate entities are referred to herein as the "Proposed Defendants."

as early as July 2018. On January 18, 2019, the Court denied SFMA's motions to compel based on a finding that the discovery sought was beyond the allegations of the operative complaint. The Court stated that its ruling was "without prejudice to renewing should the requested records' relevance be shown through further discovery or amendment of the Complaint." Dkt. 115 at 4931–32, 4934, 4939. In the brief period since the Court's Order, SFMA has worked diligently to evaluate the Court's ruling, the substantial volume of information it obtained through discovery, the legal implications of what it has learned, and the best ways to present its claims and proceed in the case. As long as there is a reasonable explanation for the time taken, as here, amendment should be allowed. *See Xpressions Footwear Corp. v. Peters*, 1995 WL 758761, at *2 (S.D.N.Y. Dec. 22, 1995) ("federal courts consistently grant motions to amend where . . . new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings").

Defendants cannot establish that they would be unduly prejudiced by the filing of the FAC. First, discovery is not scheduled to close until September 16, 2019, a factor that weighs in favor of the proposed amendment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987) (finding "no evidence that [the nonmoving party] would be prejudiced by the . . . proposed amendment[,] [g]iven that this case is still at the discovery stage"). Second, no depositions have yet been taken, and thus no depositions would need to be retaken or supplemented. *See Quach v. CVS Pharmacy, Inc.*, 2014 WL 524042, at *3 (N.D. Cal. Feb. 6, 2014) (finding no prejudice where "trial is ten months away, discovery is ongoing, and no depositions had been taken at the time . . . motion for leave" was filed). Third, the new allegations in the FAC are based on information known to Defendants but not SFMA, and which is inextricably connected to the current Defendants' alleged conduct. *See Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986) (reversing denial of leave to amend where "new claims are merely variations on the original theme . . . arising from the same set of operative facts as the original complaint . . . [the] theories set forth in the proposed amended complaint were forecast by the original . . . allegations").

The addition of new parties is also proper. The proposed FAC's allegations regarding the conduct of the Proposed Defendants arise from the same fraud scheme as that alleged in the complaint and present common questions. In fact, the original complaint identifies by name Itskhakov, Express Billing, Khaim, and Anturio Marketing, with whom the current Defendants and other Proposed Defendants worked in concert to defraud SFMA and SFF of more than $1.73 million. The Defendants and Proposed Defendants engaged in the conduct collectively, and addressing the entire scheme and many of its participants in a single action will ensure the most efficient resolution of the disputed matters and permit the jury to consider all of the relevant conduct and responsible parties in one proceeding. *See New York v. Solvent Chem. Co.*, 179 F.R.D. 90, 99 (W.D.N.Y. 1998) (granting leave to amend and stating "[b]ecause of the overlap of the issues in the two claims, the interests of judicial economy will best be achieved by hearing both claims in the same case").

Because the conduct alleged in the proposed FAC arises out of the same transactions subject of the complaint, the addition of new parties and civil RICO claims should not necessitate lengthening the deadline for fact discovery or resolution of the case. The proposed FAC would, however, permit SFMA and SFF to fully litigate their claims and hold responsible individuals and entities who perpetrated and profited from the fraud, but whose conduct was unknown SFMA and SFF at the time this was action was commenced.

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks