

**Katten**
KattenMuchinRosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
www.kattenlaw.com

June 21, 2019

**JONATHAN L. MARKS**
jonathan.marks@kattenlaw.com
312.902.5337 direct
312.577.4518 fax

<u>**VIA ECF**</u>

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *State Farm Mut. Auto. Ins. Co. v. 21st Century Pharmacy, Inc., et al.*,
Case No. 1:17-cv-5845-MKB-VMS – Motion to File Amended Complaint

Dear Judge Brodie:

Plaintiff State Farm Mutual Automobile Insurance Company ("SFMA") respectfully requests leave to file the proposed amended complaint that SFMA submitted on April 1, 2019 with a letter seeking a pre-motion conference. Dkts. 121, 121-1. Amendment is appropriate and no defendant has objected in the more than two months since the request for a pre-motion conference was filed.

As will be recalled, on April 1, 2019, SFMA filed a request for a pre-motion conference at which it would seek leave to amend the complaint, which attached a proposed amended complaint as Exhibit A. Dkts. 121, 121-1. The request was within the deadline set by the Court's schedule for the filing of any amendment to the pleadings. *See* Text Order, 17-cv-5845 (E.D.N.Y. Feb. 25, 2019). SFMA's letter describes the proposed amended complaint, which adds parties and causes of action, and argues why amendment should be allowed. Defendants did not respond to the filing within the seven days permitted by this Court's individual rules, and have not responded to date. SFMA has made numerous and repeated attempts to determine defendants' position since the filing, but has been unable to obtain a response.

Based on the pendency of the amendment, following the April 1 filing, the parties have limited discovery, taken no depositions and restricted discovery to matters that would be appropriate under either the original or amended complaint. Amendment would add parties, and awaiting their joinder so that they would be able to participate in upcoming discovery would be the most efficient way to proceed. Additionally, the amendment would add causes of action and shape the issues to be addressed in discovery. It is important to understand the scope of the case and these issues before moving to the next stage of discovery. Accordingly, it is critical to resolve the issue of amendment before moving forward with the vast majority of remaining discovery. As there is currently a fact discovery cutoff of September 16, 2019, resolution of this issue of amendment as soon as possible is essential.

For the reasons set forth in SFMA's pre-motion letter, amendment is appropriate and should be freely granted. Accordingly, SFMA respectfully requests that the Court grant leave to file the proposed amended complaint that SFMA submitted on April 1, 2019 with its letter seeking a pre-motion conference.[1]

Sincerely,

*/s/ Jonathan L. Marks*

Jonathan L. Marks

---

[1] Because defendants have not responded to the request for a pre-motion conference, and the need to move promptly, SFMA makes this request for leave to amend by this letter rather than through a formal motion for leave to amend the complaint. The letter regarding the pre-motion conference includes the grounds for granting a motion for leave to amend. It the Court would prefer, SFMA is prepared to file its motion for leave to amend, and thus asks in the alternative for leave to file its motion for leave to amend the complaint.