# SCHWARTZ, CONROY & HACK, PC

*Making Insurance Companies Keep Their Promises*

Matthew J. Conroy, Member / MJC@schlawpc.com

November 25, 2019

**Via ECF**
Magistrate Judge Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:    State Farm v. 21ˢᵗ Century Pharmacy, Inc., et al.**
> **Case No.: 17-cv-05845**

Dear Judge Scanlon:

This office represents non-parties Roman Israilov and Aleksandr Gulkarov. I write seeking to quash or modify deposition and document subpoenas issued by Plaintiff seeking the deposition and records of my clients for a period of seven years. Copies of the subpoenas are attached as Exhibit A.

State Farm's original Complaint in this matter alleges common law fraud, unjust enrichment, Aiding and Abetting Fraud and Declaratory Judgment against a Pharmacy, its owner and four (4) prescribing doctors under the general theory that the compounded medications prescribed by the doctors and filled by the pharmacy were not medically necessary. A copy of the Original Complaint is attached as Exhibit B.

On July 23, 2019 State Farm filed an Amended Complaint adding three (3) individuals described as the "Management Group" as well as eleven (11) corporations owned by the Management Group. The Amended Complaint adds substantive RICO and RICO conspiracy claims against the original defendants as well as the original claims for fraud, unjust enrichment, aiding and abetting fraud and declaratory judgment against the original defendants and the new defendants. A copy of the Amended Complaint is attached as Exhibit C.

On July 11, 2019 State Farm filed a Motion to Amend the Scheduling Order in this case (Docket Entry #127). On July 22, 2019, your Honor denied State Farm's motion and indicated that Discovery against the current defendants should be completed by the deadlines set forth in the Scheduling Order (Docket Entry # 62). Fact Discovery was completed as to the original defendants on September 16, 2019.

**Magistrate Judge Vera Scanlon**
**November 25, 2019**
**Page 2**

On or about October 16, 2019 Plaintiff issued deposition subpoenas and subpoenas duces tecum in this matter seeking seventeen categories of documents from my clients for a seven (7) year period. The categories are overly broad and seek information which in great excess of what should be reasonably permitted from a non-party.

By way of example, State Farm seeks all documents relating to any entity owned by either non-party including shareholder agreements, Articles of Organization, Partnership Agreements, Operating Agreements, Corporate minutes, Corporate by-laws, stock ledgers. See Request No. 10 of Exhibit A.

State Farm seeks all W2s and 1099s received by these non-parties over the last seven (7) years, FROM ANY SOURCE. See Request No. 9.

State Farm seeks documents relating to communication with, payments to/from or contractual relationships with 30 companies, 21 individuals and 9 locations, the majority of which have no apparent relation to anything in the Amended Complaint.

Federal Rule of Civil Procedure 45(d) calls upon the Court to "quash or modify a subpoena that . . . subjects a person to undue burden" and/or seeks confidential commercial information. In response to a motion to quash, the party issuing the subpoena bears the burden of demonstrating that the information it seeks from a non-party is "relevant and material to the allegations and claims at issue in the proceedings." *Sky Med. Supply Inc. v. SCS Support Claim Servs.*, 2017 U.S. Dist. LEXIS 43668, at \*9 (E.D.N.Y. Mar. 24, 2017) (citation omitted) (Tomlinson, M.J.). "A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, 2005 U.S. Dist. LEXIS 9803, at \*6 (S.D.N.Y. May 19, 2005) (internal quotation marks and citation omitted).

In addition, a status of a non-party to a litigation "entitles [the witness] to consideration regarding expense and inconvenience." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996); *Cohen v. City of New York*, 2010 U.S. Dist. LEXIS 44762, at\*7 (S.D.N.Y. May 6, 2010) (recognizing that "special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation") (alteration in original)).

Only once the issuing party demonstrates objective relevance must the movant show "that the subpoena is overbroad, duplicative, or unduly burdensome." *Catlin Syndicate 2003 v. Traditional Air Conditioning, Inc.*, 2018 U.S. Dist. LEXIS 48859, at \*12 (E.D.N.Y. Mar. 23, 2018) (Shields, M.J.). The burdensomeness analysis depends on factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden

**Magistrate Judge Vera Scanlon**
**November 25, 2019**
**Page 3**

imposed." *Giugliano v. FS2 Capital Partners, LLC*, 2016 U.S. Dist. LEXIS 45925, at \*8 (E.D.N.Y. Mar. 31, 2016) (Tomlinson, M.J.).

The Rule 45 analysis has changed sharply with the 2015 amendments to Rule 26. *See Edebali v. Bankers Std. Ins. Co.*, 2017 U.S. Dist. LEXIS 110665, at \*10 (E.D.N.Y. July 17, 2017) (Tomlinson, M.J.) ("Relevance in this [Rule 45] context is subject to the over-arching relevance requirement outlined in Rule 26(b)(1)."). The new Rule 26 supplements the standalone "relevant to any party's claim or defense" standard with a requirement that discoverable information be not only relevant but also "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Sibley v. Choice Hotels Int'l*, 2015 U.S. Dist. LEXIS 170734, at \*6 (E.D.N.Y. Dec. 22, 2015) (Shields, M.J.) (reviewing the amended Rule 26 and finding that "the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated"). Although not a wholesale revision, the new Rule 26 "constitute[s] a reemphasis on the importance of proportionality in discovery." *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at \*43 (S.D.N.Y. Feb. 16, 2016).

To the extent that the information sought by this subpoena relates to the original defendants, fact discovery closed in September of 2019. To the extent that the information relates to the new claims against the Management Group, any financial information sought is available through the financial records of those defendants.

Counsel for State Farm and I have conferred in good faith in regards to the issues raised in this letter, as such, I certify that I have attempted in good faith to resolve this dispute in accordance with FRCP 37(a)(1) and Local Rule 26.4.

Wherefore, I respectfully request that the Court quash or in the alternative modify the subpoenas to narrow the scope to transactions involving the new defendants only.

Thank you for your Honor's attention to this matter.

Respectfully submitted,

SCHWARTZ, CONROY & HACK, PC

By:     */s/Matthew J. Conroy*
Matthew J. Conroy, Esq.

Cc:     All parties by ECF