*Exhibit 3*



**Katten**
Katten Muchin Rosenman LLP

575 Madison Ave.
New York, NY 10022
212.940.8800 tel
www.katten.com

CHRISTOPHER T. COOK
christopher.cook@katten.com
212.940.6488 direct

January 2, 2020

**VIA FEDEX**

**ABE Acq LLC**
7130 Yellowstone Blvd.
Forest Hills, NY 11375

Re:   *State Farm Mutual Auto. Ins. Co., et al. v. 21st Century Pharmacy, Inc., et al.*,
       Civil Action No. 1:17-cv-05845-MKB-VMS

To Whom It May Concern:

On December 11, 2019, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") served you with a subpoena for the production of documents in the above-referenced case. *See* enclosed Subpoena *Duces Tecum* and Affidavit of Service. The subpoena required you to produce responsive documents within 14 days of service, which means that the deadline for responding to the subpoena was December 26, 2019. *See* Fed. R. Civ. P. 45(d)(2)(B). To date, we have received no response from you. As a result, you have waived any and all objections to the subpoena *duces tecum*. *See Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, 2016 WL 3080807, at *7 (E.D.N.Y. May 27, 2016).

Accordingly, please produce documents responsive to the subpoena by January 10, 2020. If you fail to do so, State Farm will be forced to seek Court intervention.

Sincerely,

/s/ *Christopher T. Cook*

Christopher T. Cook

Encl.

cc:   Jonathan L. Marks, Esq.
       Matthew R. Ryan, Esq.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| State Farm Mutual Automobile Ins. Co., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-05845 |
| 21st Century Pharmacy, Inc., et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ABE Acq LLC
c/o New York Department of State
1 Commerce Plaza
99 Washington Ave
Albany, NY 12231

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: **Katten Muchin Rosenman LLP**<br>**c/o Christopher Cook, Esq.**<br>**575 Madison Ave.**<br>**New York, NY 10022-2585** | Date and Time:<br><br>**Within fourteen (14) days of service.** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/10/2019

CLERK OF COURT

_____     OR     _____/s/ Christopher Cook_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **State Farm Mutual Automobile Insurance Company**, who issues or requests this subpoena, are: **Christopher T. Cook, Esq.; Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022; christopher.cook@katten.com; (212) 940-6488.**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:17-cv-05845

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____.

❑ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition*.  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.
  **(2)** *For Other Discovery*.  A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required*.  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections*.  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required*.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted*.  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   **(C)** *Specifying Conditions as an Alternative*.  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information*.  These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents*.  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified*.  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form*.  The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information*.  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld*.  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced*.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SUBPOENA RIDER
## ABE Acq LLC

<u>Definitions</u>

1. "You" and "Your" mean ABE Acq LLC and any d/b/a or variation of its name, as well as any of its owners, directors, officers, members, partners, employees, affiliates, subsidiaries, representatives, advisors, agents, attorneys, accountants, consultants, assignees, successors in interest, management companies, or any other person or entity acting on its behalf, expressly including Arkadiy Khaimov.

2. "21st Century" means 21st Century Pharmacy, Inc., including any of its owners, directors, officers, members, partners, employees, affiliates, subsidiaries, representatives, advisors, agents, attorneys, accountants, consultants, assignees, management companies, or any other person or entity acting on its behalf.

3. "Communication" and "Communications" mean all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, facsimiles, text messages, electronic mail, voicemail, instant messaging, written or oral communications via social media, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda, and other records of any communications.

4. "Compounded Product" means any topical medication created by combining, mixing, or altering individual ingredients into a usable drug product, including drugs referenced in 21 U.S.C. § 353a.

5. "Defendant" means 21st Century, Albert Alishayev, Azu Ajudua, M.D., Vincentiu Popa, M.D., Timothy Morley, D.O., Jo-Ann Shakarjian, M.D., Iris Itskhakov a/k/a Istam Itskhakov, Express Billing & Collection Inc, Peter Khaim (a/k/a Petr Khaimov), Anturio Marketing Inc., P&K Marketing Services Inc, Logic Consulting Inc., A&P Holding Group Corp,

New Business Resources Inc, K&L Consultants Inc, Tariel Begiyev, New Business Funding Inc, TBM Solution Inc, TAR Group Inc, and/or Personal Tech Inc.

6. "Document" and "Documents" has the broadest meaning possible consistent with the applicable Federal Rules of Civil Procedure and Local Rules for the Eastern District of New York, and it means all tangible things, including every original and every non-original, non-conforming and non-identical copies (whether by reason of subsequent modification, notations, deletions or otherwise) of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, or electronic means.

7. The term "Medical Provider" means any person or entity who prescribed Compounded Products.

8. "Patient" means any individual who was prescribed or received a Compounded Product.

9. "Payment" and "Payments" mean any transfer of money or anything of value.

10. The words "relating to" and "regarding" mean concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

<u>Instructions</u>

1. Unless otherwise indicated, the Documents requested include all Documents in Your possession, custody, or control. A Document is in Your possession, custody, or control if You have actual possession or custody or the right to obtain the Document or a copy thereof upon demand from one or more of Your advisors, investigators, employees, representatives, agents, independent contractors, consultants, accountants, attorneys, affiliates, management companies, any other person directly or indirectly employed by or connected with You or Your

attorneys, or any other person or public or private entity that has actual physical possession thereof.

2.  File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

3.  To the extent electronic Documents responsive to the requests set forth below are in your possession, custody, or control, any such Documents attached to each other shall not be separated and parent-child relationships should be preserved at all times.

4.  The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to."

5.  If an objection is made to any request, the objection should specifically state all grounds for the objection and whether responsive information, Documents, or things are being withheld on the basis of the asserted objection. If You object to the scope or breadth of any of these requests, or if You object only in part to any of these requests, You are required, to the extent possible, to respond to the other part(s) of these requests notwithstanding Your objection.

6.  If You withhold any Document(s) or Communication(s) requested herein on the basis of any privilege or other immunity from discovery, You shall produce one or more privilege logs that contain the following information for each item not produced for reasons of privilege, to the extent providing this information will not destroy the privilege: (a) the author of the Document; (b) the recipient(s) of the Document; (c) the date on which the Document was created or sent; (d) the identity of any person(s) to whom the Document, or any portion thereof,

3

has been revealed; (e) the basis upon which the information is being withheld; and (f) a description of the nature of the Document sufficient to enable the reviewer to assess the applicability of the privilege or protection.

7. If no Documents responsive to a particular request exist, or if such Documents exist but are not in Your possession, custody, or control, then Your response to that request shall so state.

8. Unless otherwise specified, the time period applicable to these requests is December 1, 2012 to the present.

Document Requests

1. All Documents reflecting any service You performed for any Defendant for the period December 1, 2012 to December 31, 2018.

2. All Communications with any Defendant, including but not limited to any Communication via the email addresses arkadiykha@aol.com or akhaimov280721@hotmail.com, for the period December 1, 2012 to December 31, 2018.

3. All Documents reflecting any contractual relationships, financial arrangements, and/or other business relationships with any Defendant, for the period December 1, 2012 to December 31, 2018.

4. All Documents reflecting any Payment made to or received from any Defendant, including but not limited to invoices, receipts, account statements, accounting ledgers, checks, Form W-2s or 1099s, and/or correspondence including emails.

5. All Communications with any person regarding 21st Century medications and/or Compounded Products, including but not limited to any Communication via the email addresses arkadiykha@aol.com or akhaimov280721@hotmail.com.

6. All Documents reflecting or relating to any 21st Century prescription forms, letters of medical necessity, and/or prescription stamps or stickers.

7. All Documents reflecting (a) Communications with, (b) Payments to or from, or (c) contractual relationships, financial arrangements, leases, or other business relationships with any of the following entities, or (d) services performed by or for You for any of the following individuals or entities, including any individual acting on each entity's behalf:

   a. Hillcrest Medical Care, PC
   b. Hollis Novel Comprehensive Medical, PC
   c. Starrett City Medical, PC
   d. Woodhaven Comprehensive Medical, PC
   e. Metro Pain Specialists, PC
   f. Ralph Innovative Medical PC
   g. NY Collections Services, Inc.
   h. BK Global, Inc.
   i. General Supply of New York, Inc.
   j. AA 106-47, LLC
   k. AAA Wholesale Inc.
   l. AAA Wholesale Supply Inc
   m. TOPS LLC
   n. Dantes & Dantes Corporation
   o. Krisco Health, Inc.
   p. Billing & Coding Consultants, Inc.
   q. Tommy Novakov Business Services, Inc.
   r. VS Intertask Corp.
   s. LL Consulting (d/b/a Billing 4 You)
   t. F&A Enterprise of USA, Inc.
   u. NC Systems Inc.
   v. A.M.D. Consulting Service Inc.
   w. Martinez Silverio Consulting LLC
   x. Progress For Your Business, Inc.
   y. Tre Medical Distributors Inc.
   z. Exit Marketing Inc.
   aa. JR Gateways, Inc.
   bb. K Line Media
   cc. Barukh Services, LLC
   dd. A&P Pharmacy Corp
   ee. Surf Avenue Pharmacy Inc

8. All Documents reflecting (a) Communications with, (b) Payments to or from, or (c) contractual relationships, financial arrangements, leases, or other business relationships with any of the following individuals:

   a. Aleksandr Gulkarov
   b. Roman Israilov
   c. Regina Shakarova
   d. Viktoria Shakarova
   e. Paul Dantes
   f. Anthony DiPietro
   g. Boris Khaimov
   h. Mikho Alishayev
   i. Tommy Novakov
   j. Gloria Novakov
   k. Sabrina LoDuca
   l. Vyacheslav Mushyakov
   m. Helen Edelstein
   n. Firuz Juraev
   o. Nathaniel Coles a/k/a Nate Cole
   p. Rada Kasymov
   q. David Davidov
   r. Any individual marketing products on behalf of 21st Century
   s. Any individual who prescribed Compounded Products dispensed by 21st Century
   t. Any individual who was prescribed a Compounded Product dispensed by 21st Century

9. All Documents reflecting (a) Communications with, (b) Payments to or from, or (c) contractual relationships, financial arrangements, leases, or other business relationships with any of the following individuals:

   a. Yvette Abraham
   b. Dan Acaru
   c. Landis Barnes
   d. Rolando Chumaceiro
   e. Colin Clarke
   f. Varuzhan Dovlatyan
   g. Andre Duhamel
   h. Albert Graziosa
   i. Solomon Halioua
   j. Noel Howell
   k. Vora Ketan
   l. Elizabeth Kulesza

6

      m.  Lyonel Paul
      n.  Nityananda Podder
      o.  Deepti Prajapati
      p.  Nagaveni Rao
      q.  Pierre Renelique
      r.  Leonid Shapiro
      s.  Ednan Sheikh
      t.  Ajoy Sinha
      u.  Sheila Soman
      v.  Jordan Sudberg
      w.  Sujuata Vidyasagar
      x.  Junui Xie
      y.  Samuel Walters
      z.  Dr. Gerber
     aa.  Dr. Nambiar

10. All W-2s and Form 1099s issued by or to You from 2012 through 2017.

11. Your federal tax returns and all related schedules filed with the U.S. Internal Revenue Service from 2012 through 2017, including but not limited to all W-2s, Form 1099s, and K-1s.

12. All Documents reflecting or relating to Your financial condition, including any general ledgers, balance sheets, income statements, checks, cancelled checks, and/or account statements, from 2012 through 2017. If Your accounting Documents are kept in electronic form such as QuickBooks, produce those ledgers and/or Documents in electronic form.

13. Documents reflecting Your corporate formation and ownership, including articles of incorporation or organization, shareholder agreements, partnership or operating agreements, stock ledgers, stock certificates, resolutions, minutes, by-laws, letters of resignation, and dissolution records.

14. All Documents reflecting (a) Payments to or from, (b) services rendered by You, (c) and/or contracts, agreements, and/or leases with any person or entity who worked, treated

Patients, or provided services at or who owned, leased or subleased space at any of the following locations:

    a. 105-10 Flatlands Ave., Brooklyn, NY 11236
    b. 717 Southern Blvd., Bronx, NY 10455
    c. 2 Wilson Place, Mt. Vernon, NY 10550
    d. 205-07 Hillside Avenue, Hollis, NY 11423
    e. 204-12 Hillside Avenue, Hollis, NY 11423
    f. 64 Nagle Avenue, New York, NY 10040
    g. 63-70 Woodhaven Blvd., Rego Park, NY 11374
    h. 8 Clinton Place, Bronx, NY 10453
    i. 2363 Ralph Avenue, Brooklyn, NY 11234

15. All Documents relating to or reflecting the medical efficacy or therapeutic effect of any Compounded Products, and/or any of their components or ingredients, including but not limited to all articles, publications, educational materials, speeches, presentations, newsletters, studies, peer reviewed scientific literature, videos, other electronic media or with health care providers.

16. All contracts, agreements, and leases from December 1, 2012 through December 31, 2018 with any person or entity that provided marketing or consulting services on behalf of any business providing healthcare services and/or products.

17. Payments to or from any person or entity that provided marketing or consulting services on behalf of any business providing healthcare services and/or products for the period December 1, 2012 to December 31, 2018.

18. Communications to or from any person or entity that provided marketing or consulting services on behalf of any business providing healthcare services and/or products for the period December 1, 2012 to December 31, 2018.

19. All Documents relating to Your solicitation or referral of any Patient.

20. Your banking records from December 1, 2012 through December 31, 2018, including any account statements, cancelled checks, offsets, deposit slips, withdrawal slips,

8

records of wire transfers, signature cards, loans and/or loan applications, and/or Document reflecting the opening and/or closing of any account.

21. All Communications with any Medical Provider, including but not limited to any Communication via the email addresses arkadiykha@aol.com or akhaimov280721@hotmail.com for the period December 1, 2012 to December 31, 2018.

22. All Documents reflecting any Payment made to or received from any Medical Provider, including but not limited to invoices, receipts, account statements, accounting ledgers, checks, Form W-2s or 1099s, and/or correspondence (including emails) for the period December 1, 2012 to December 31, 2018.

23. All Documents reflecting any contractual relationships, financial arrangements, or other business relationships with any Medical Provider for the period December 1, 2012 to December 31, 2018.

24. All Documents reflecting or relating to any prescription for Compounded Products, including but not limited to (a) any forms, (b) documents relating to the creation, alteration, or transmission of prescriptions, and/or (c) letters of medical necessity.

25. For every space or location at which Patients were treated and were prescribed a 21st Century Compounded Product:

    a. All Communications with any person or entity who owned, leased or subleased or who worked, treated Patients, or provided services at such space or location;

    b. All Documents reflecting any Payment made to or received by any person or entity who owned, leased or subleased or who worked, treated Patients, or provided services at such space or location; and

    c. All Documents reflecting any contractual relationships, financial arrangements, and/or other business relationships with any person or entity who owned, leased or subleased or who worked, treated Patients, or provided services at such space or location.

9

26. All Documents relating to any transaction involving the conversion of funds or assets of any Defendant to cash, the amounts and purposes of any such transactions, Communications related to any such transactions, and the identity of persons involved in and with knowledge of such transactions, including but not limited to the use of check cashing entities such as Jay Payroll Services Inc., for the period December 1, 2012 to December 31, 2018.

27. All contracts and/or agreements between You and any pharmacy for the period December 1, 2012 to December 31, 2018.

# Katten
Katten Muchin Rosenman LLP

575 Madison Ave
New York, NY 10022
212.940.8800 tel
www.katten.com

CHRISTOPHER T. COOK
christopher.cook@katten.com
212.940.6488 direct

<u>VIA NYDOS</u>

December 10, 2019

**ABE Acq LLC**
c/o New York Department of State
1 Commerce Plaza
99 Washington Ave
Albany, NY 12231

Re:   *State Farm Mutual Automobile Ins. Co., et al. v. 21st Century Pharmacy, Inc., et al.,*
      *Civil Action No. 1:17-cv-05845-MKB-VMS*

To Whom It May Concern:

Enclosed is a subpoena requesting the production of documents related to the above-referenced lawsuit, which is currently pending in the United States District Court for the Eastern District of New York before the Honorable Margo K. Brodie.

The subpoena requires Abe Acq, LLC to produce responsive documents within 14 days of service.

State Farm will reimburse you for any reasonable copying and/or shipping costs related to the document production. Please contact Stephen DeYoung at 312-577-8348 prior to copying documents if you would like to be reimbursed. Finally, I also have attached a Certificate of Authenticity. Please fill out and sign the Certificate and include it with your document production.

If you have any questions regarding the subpoena, please contact me directly at 212-940-6488 or via email at christopher.cook@katten.com. Thank you for your cooperation.

Sincerely,

*/s/ Christopher T. Cook*
Christopher T. Cook
Enclosures

# CERTIFICATE OF AUTHENTICITY

I, _____, am employed by
                                                 (name)

_____ABE Acq LLC_____,
                                     (name of entity)

My official title is _____,

I certify that I am the custodian of the records produced pursuant to the attached subpoena or I am otherwise authorized to certify the authenticity of these records;

I further certify that each of the records attached hereto is the original or duplicate of the original records in the custody of _____,
                                                       (name of entity)

I further certify that:

A) such records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

B) such records were kept in the course of a regularly conducted business activity;

C) the business activity made such records as a regular practice;

D) if such records are not the original, such records are duplicates of the original.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Signature

Executed on this _____ day of _____, _____.
                   (day)     (month)   (year)

at _____, _____,
      (city)             (state)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STATE FARM MUTUAL AUTOMOBILE INS. CO., et al.,

                         Plaintiffs,

-against-

21ST CENTURY PHARMACY, INC., et al.,

                         Defendants.

**AFFIDAVIT OF SERVICE**

Civil Action No. 1:17-cv-05845

---

STATE OF NEW YORK
COUNTY OF ALBANY

Denise Dooley, being duly sworn, deposes and says that (s)he is over the age of eighteen (18) years and is not a party to this action.

That on the 11th day of December, 2019, approximately 10:00 a.m., at the Office of the Secretary of State of the State of New York in the City of Albany, New York, (s)he served the annexed Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action with Letter from Katten Muchin Rosenman LLP dated 12/10/2019, upon **ABE ACQ LLC**, defendant in this action, by delivering to and leaving with Sue Zouky, an agent in the Office of Secretary of State of the State of New York personally at the Office of the Secretary of State of the State of New York two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00. That said service was made pursuant to Section 303 of the Limited Liability Company Law.

Deponent further says that (s)he knew the person so served as aforesaid to be an agent in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of said defendant.

Sue Zouky is a white female, approximately 63 years old, stands approximately 5 feet tall, weighs approximately 110 pounds, and has brown hair.

                                                Denise Dooley

Sworn to before me this
11th day of December, 2019.

Paula J. Cole
Notary Public, State of New York
Qualified in Albany County
#01CO9042570
Commission Expires Sept. 30, 2022