**Katten**
Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL  60661-3693
312.902.5200 tel
www.kattenlaw.com

JONATHAN L. MARKS
jonathan.marks@kattenlaw.com
312.902.5337 direct
312.577.1061 fax

February 13, 2020

**VIA ECF**

The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *State Farm Mut. Auto. Ins. Co., et al. v. 21st Century Pharmacy, Inc., et al.*,
       Case No. 1:17-cv-5845 (E.D.N.Y.) – Motion for Order to Show Cause

Dear Judge Scanlon:

  Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") respectfully move under Federal Rule of Civil Procedure 45 for an order to show cause why non-party Dr. Varuzhan Dovlatyan should not be held in contempt for failing to appear for his deposition in the above-referenced action.

  The Complaint alleges that defendants entered into financial arrangements to obtain prescriptions for topical compound medications, including the payment of kickbacks, with (a) individuals in charge of locations at which patients are treated; (b) prescribing doctors; and (c) marketers who in turn have arrangements with individuals in charge of locations at which patients are treated and/or with prescribing doctors. Dkt. 132 ¶ 3. Dr. Dovlatyan is the paper owner of Mt. Vernon Medical One, PLLC, which operated at 2 Wilson Place, Bronx, NY 10550 and is a location at which he prescribed 21st Century compound medications. *Id.* ¶¶ 138–42. As alleged, an individual named Nathaniel Coles was "in charge" of the clinic operating at this location. *Id.* ¶ 139. At least four Shell Companies (as that term is defined in the Complaint) owned by defendant Peter Khaim made payments to Coles and a company he owns, NC Systems, Inc., totaling more than $120,000. *Id.* ¶ 141. Commensurate with these payments, Dr. Dovlatyan prescribed 21st Century compounded products for which Plaintiffs were charged more than $264,000. *Id.* ¶ 142.

  On January 10, 2020, Plaintiffs served Dr. Dovlatyan personally with a subpoena *ad testificandum* requesting that he appear to testify at a deposition in the above-referenced action on February 13, 2020. Ex. A at 4–7. Having received no communication from Dr. Dovlatyan or anyone on his behalf, on February 6, Plaintiffs sent a letter to Dr. Dovlatyan via FedEx overnight delivery advising that his deposition was scheduled to take place on February 13, that the parties

AUSTIN CENTURY CITY CHARLOTTE CHICAGO HOUSTON IRVING LOS ANGELES
NEW YORK ORANGE COUNTY SAN FRANCISCO BAY AREA SHANGHAI WASHINGTON, DC
LONDON: KATTEN MUCHIN ROSENMAN UK LLP
A limited liability partnership including professional corporations

were proceeding with the understanding that he would appear and testify, and that he or his counsel should contact Plaintiffs as soon as possible regarding the subpoena served upon him. *Id.* at 1. The letter further advised that Plaintiffs may move the Court for appropriate relief should Dr. Dovlatyan fail to contact counsel for Plaintiffs and appear for his scheduled deposition. *Id.*

To date, Plaintiffs have received no communication from Dr. Dovlatyan or anyone on his behalf, and on February 13, 2020, he failed to appear for his deposition despite Plaintiffs' attempts to schedule his deposition for a date and time convenient to him. Accordingly, Plaintiffs request that the Court issue an order requiring Dr. Dovlatyan to appear before the Court and show cause why he should not be held in contempt. *See* Fed. R. Civ. Pro. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."); *Leser v. U.S. Bank Nat. Ass'n*, 2011 WL 1004708, at *1 (E.D.N.Y. 2011) (finding non-party in contempt for failure to comply with subpoena, and subsequently failing to appear at show cause hearing).

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks

Encl.